UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DAMONI CLEMON,
   Plaintiff,

vs.                                    No. 09-1153

ROBERT KOSACK, et. al,
   Defendants

CASE MANAGEMENT AND MERIT REVIEW ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, a state prisoner, has filed his complaint pursuant to 42 U.S.C. §1983 against 19 defendants including 16 Bloomington Police Officers and Detectives and three witnesses. The complaint is 197 page total, but 181 of these are exhibits pertaining to a state criminal court case in which the plaintiff is accused of three counts of armed robbery. (Case No. 07 CF 563). The case went to jury trial on September 16, 2008, and the plaintiff was acquitted.

It is difficult to decipher what the plaintiff's claims are in his complaint. The plaintiff repeatedly says he is asking the court "under its supplemental jurisdiction" to "prosecute all defendants for their violations of Ill. Compiled Criminal Law Statues, State Torts spelled out in this complaint....." (Comp., p. 5). The court has no jurisdiction to prosecute an individual according to a state statute and declines to exercise supplemental jurisdiction over any state law claims if the plaintiff can show no basis for any federal court claim.

The plaintiff has divided his complaint into four "claims." (Comp, p. 1- 15) In the first count, the plaintiff says Officer Matthew Dick provided false testimony to the Grand Jury. The plaintiff then says the defendants have violated various state laws. As the court has stated, the federal court is not the proper place to bring these claims. The court also notes the plaintiff has failed to state any violation of his constitutional rights. The Supreme Court has held that all witnesses, even state actors such as police officers, have absolute immunity from any liability for damages under §1983 based on giving false testimony. *Briscoe v La Hue,* 460 U.S. 325 (1983).

In Count Two, the plaintiff say he is suing various police officers for working on the

1

Armed Robbery case, preparing police reports and testifying at trial.  This alone does not state a violation of the plaintiff's constitutional rights.  The plaintiff also says he is suing States Attorney William Yoder and an Assistant States Attorney William Workman for making deals with his co-defendants in an exchange for their testimony.  First, the plaintiff has not named these individuals as defendants.  Second, the plaintiff has failed to state a violation of his constitutional rights.  Prosecutors enjoy absolute immunity from suits for actions taken in the course of presenting their case.  *Imbler v Pachtman,* 424 U.S. 409, 427-428 (1979); *Buckley v Fitzsimmons,* 20 F.3d 789, 795 (7th Cir. 1994); *Henry v Farmer City State Bank,* 808 F.2d 1228, 1238 (7th Cir. 1986).

In Count Three, the plaintiff says all of these defendants "were responsible for holding plaintiff, against his will, at the Bloomington Police Station, denying me access to counsel a 6th Amend violation and a due process violation of the 14th amendment." (Comp, p. 10).  The plaintiff has failed to adequately specify a violation of his constitutional rights.  The attachments to his complaint show the plaintiff was in custody due to a variety of charges, and at the time of the trial, was in custody due to a previous drug conviction.  In addition, the attachments to the complaint demonstrate that the plaintiff was represented by a public defender.  Finally, the police officers would not have the authority to decide whether the plaintiff should be allowed to post bond.

The court notes that also in Count Three, the plaintiff again says the defendants have violated various state statutes based on "search and seizure." (Comp, p. 10).  It appears the plaintiff is asking for the defendants to return all items seized and notes that the officers "trashed" his house when conducting the search.  Again, the plaintiff has failed to state a violation of his constitutional rights.  The plaintiff has not alleged a violation of his Fourth Amendment rights based on the search.

At the conclusion of Count Three, the plaintiff says that Exhibit F shows "this to be an illegal/wrongful arrest on false charges, a 4th, 8th and due process violation of the 14th amendment." (Comp, p. 10)   Exhibit F is a police report. (Comp., Ex F)   There is nothing within this report or any other attachment that demonstrates the basis for the plaintiff's claim.  To prevail on a §1983 false arrest claim, a plaintiff must show that probable cause for his arrest was lacking.  *Williams v Rodriquez,* 509 F.3d 392, 399 (7th Cir. 2007).

In addition, it is unclear from the plaintiff's complaint and the attachments when the plaintiff was taken into custody for the armed robbery case.  It appears the plaintiff was already in custody on a different, drug-related charge.  The plaintiff faced prosecution for the drug charge and was convicted.  These events all occurred prior to his trial on the armed robbery charges.

In Count Four, the plaintiff says the he was held and forced to post bail on a case "that had little or no evidence on and would in fact be dismissed in a year and all charges nol prosed by the Honorable Judge Ronald Dozier for insufficient evidence." (Comp, p. 11).  This claim

is confusing since the case the plaintiff refers to throughout his complaint was not dismissed, but proceeded to a jury trial with a different judge. The plaintiff cites to an exhibit attached to his complaint, but this exhibit is simply further discovery documents relating to the Armed Robbery case. (Comp., Ex G).

The plaintiff then says Assistant States Attorney, Jeffery Horve, conspired with the Bloomington Police Department and Public Defenders in "turning a blind eye to the truth, exercised reckless and deliberate indifference to the lack of evidence they had." (Comp., p. 11) Again, this claim is confusing since the plaintiff is now referring to a different states attorney and a different public defender than those that were involved in his Armed Robbery case.[1] (Comp, Ex. N, Trial Trans.) Nonetheless, the plaintiff has failed to clearly state a violation of his constitutional rights.

Finally, the plaintiff again complains about the officers committing perjury, but as the court has previously explained, the plaintiff has failed to state a constitutional violation. The plaintiff has failed to state a claim upon which relief can be granted and the court must dismiss his complaint.

**IT IS THEREFORE ORDERED that:**

1. **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. The court declines to exercise supplemental jurisdiction over any intended state law claims. This case is closed, with the parties to bear their own costs.**

2) **The plaintiff's motion for appointment of counsel is denied as moot. [d/e 3]**

3) **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.**

4) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months,**

---

[1] The court notes that the pro se plaintiff filed a completely separate complaint on the same day he filed this complaint. In Case NO. 09-1154, the plaintiff makes reference to a 2005 case in which two counts were dismissed by the prosecution and the plaintiff was found guilty of other drug-related counts. The plaintiff makes no reference to this case in the complaint or the 181 pages of exhibits. However, if the plaintiff was referring to this case in Count Four, the court found the claims were barred by the statute of limitations period. *See Clemons v Atterberry,* Case No. 09-1154.

      whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.

5)    The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

6)    The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

7)    If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)c.  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

                Entered this 15th day of June, 2009.

                          **s\Harold A. Baker**
_____
                          HAROLD A. BAKER
                  UNITED STATES DISTRICT JUDGE